UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MANUEL L.                           :
                                    :
v.                                  :   C.A. No. 18-00451-MSM
                                    :
ANDREW M. SAUL, Commissioner        :
Social Security Administration      :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed his Complaint on August 16, 2018 seeking to reverse the Decision of the Commissioner. On April 22, 2019, Plaintiff filed a Motion to Reverse Without or, Alternatively, with a Remand for a Rehearing of the Commissioner's Final Decision. (ECF No. 14). On June 21, 2019, Defendant filed a Motion for an Order Affirming the Commissioner's Decision. (ECF No. 16).

This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions and independent research, I find that there is substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion to Remand (ECF No. 14) be DENIED and that the Commissioner's Motion to Affirm (ECF No. 16) be GRANTED.

**I.    PROCEDURAL HISTORY**

Plaintiff filed an application for DIB on January 27, 2016 (Tr. 141-142) alleging disability since October 10, 2014. The application was denied initially on August 23, 2016 (Tr. 62-71) and

on reconsideration on October 18, 2016. (Tr. 73-83). Plaintiff requested an Administrative Hearing. On October 11, 2017, a hearing was held before Administrative Law Judge Tanya J. Garrian (the "ALJ") at which time Plaintiff, represented by counsel, and a Vocational Expert ("VE") appeared and testified. (Tr. 29-61). The ALJ issued an unfavorable decision to Plaintiff on November 27, 2017. (Tr. 10-28). The Appeals Council denied Plaintiff's request for review on June 19, 2018. (Tr. 1-5). Therefore, the ALJ's decision became final. A timely appeal was then filed with this Court.

**II.     THE PARTIES' POSITIONS**

Plaintiff argues that the ALJ's assessment of his residual functional capacity was not supported by substantial evidence, and that substantial evidence also does not support the ALJ's reliance on the VE's testimony in evaluating Plaintiff's past relevant work.

The Commissioner disputes Plaintiff's claims and contends that the ALJ's conclusions are supported by substantial evidence and must be affirmed.

**III.    THE STANDARD OF REVIEW**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of HHS, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir.

1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of HHS, 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to

Appeals Council).  After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction.  Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g).  To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level.  See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant.  Id.  With a sentence six remand, the parties must return to the court after remand to file modified findings of fact.  Id.  The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings.  Id.

### IV. THE LAW

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A. Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. See Keating v. Sec'y of HHS, 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R § 404.1527(c). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of

disability. 20 C.F.R. § 404.1527(e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner. 20 C.F.R. § 404.1527(e). See also Dudley v. Sec'y of HHS, 816 F.2d 792, 794 (1st Cir. 1987).

### B. Developing the Record

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of HHS, 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C. Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to

enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of HHS, 758 F.2d 14, 17 (1st Cir. 1985).

### D. The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of HHS, 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

**E.  Other Work**

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual

functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

    **1.    Pain**

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

    (1)    The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

    (2)    Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

    (3)    Type, dosage, effectiveness, and adverse side-effects of any pain medication;

    (4)    Treatment, other than medication, for relief of pain;

    (5)    Functional restrictions; and

    (6)    The claimant's daily activities.

Avery v. Sec'y of HHS, 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

### 2. Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

### V.     APPLICATION AND ANALYSIS

#### A.    The ALJ's Decision

The ALJ decided this case adverse to Plaintiff at Step 4. At Step 2, the ALJ determined that Plaintiff had a severe impairment of a spine disorder. (Tr. 16-18). At Step 3, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a Listing. (Tr. 18). As to RFC, the ALJ found that Plaintiff could perform

medium work, except that he could stoop, crouch, and climb ramps, stairs, ladders, ropes and scaffolds only frequently. (Tr. 18-23). At Step 4, the ALJ determined that Plaintiff could perform his past relevant work as an industrial arts teacher as generally and actually performed and was not disabled from October 10, 2014 through November 27, 2017. (Tr. 23-24).

### B. Substantial Evidence Supports the ALJ's RFC Determination

Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence and does not appropriately consider exertional restrictions such as lifting, carrying, standing and walking. (ECF No. 14-1 at p. 7). Plaintiff further asserts that the ALJ erred in failing to account for non-exertional functional limitations caused by pain, including any mild limitations in his capacity to concentrate, persist, focus or maintain adequate pace. (ECF No. 18 at pp. 3-4). The RFC set forth in the Decision found Plaintiff capable of performing "medium" work with the added limitation that he could "stoop, crouch, and climb ramps, stairs, ladders, ropes and scaffolds" only frequently. (Tr. 18).

In adopting this RFC, the ALJ thoroughly evaluated the medical record of evidence, as well as Plaintiff's allegations of pain and fatigue. The record revealed that an MRI taken in December 2014 displayed "lumbar spondylosis with multilevel mild to moderate foraminal narrowing from the L3-4 to L5-S1 levels…." (Tr. 20, 249-251). Independent medical examiner Dr. Randall Updegrove characterized the MRI as "unimpressive" but evidencing changes "quite common" for Plaintiff's age and "without prediction of symptoms at any time, let alone chronic ongoing symptoms." (Tr. 372). The ALJ accurately observed that Plaintiff's physical examinations revealed normal gait, motor strength, sensation and reflexes. Further, the ALJ noted that Plaintiff treated his pain with at-home exercises and use of an inversion table, and he did not use any form of pain medication. (Tr. 20, 252-279).

The ALJ also evaluated Plaintiff's reported daily activities and noted that they were "what one would expect for a gentleman of his age" and that in addition to performing a "wide range" of tasks including caring for his personal needs, shopping, running errands and driving an automobile, he also "was quite active while out of work…and [ ] walked up to several miles" and attended church and other social outings. (Tr. 20). The ALJ stated that Plaintiff has not "required surgical intervention on his lumbar spine" and required only "conservative care in the form of several weeks of physical therapy…an inversion table, and a home exercise program." (Tr. 20). Accordingly, the ALJ determined that "the physical and emotional demands of the claimant's activities of daily living are inconsistent with the nature and degree of impairment he alleges." (Tr. 20).

In reviewing the medical evidence, the ALJ gave "significant weight" to the opinion of independent medical examiner Dr. Jerrold Rosenberg, and "great weight" to the opinions of Drs. Youssef Georgy and Marie Turner of the Disability Determination Services. (Tr. 22-23). Dr. Rosenberg concluded that Plaintiff had no limitation that would prevent him from returning to his past job, while Drs. Georgy and Turner noted that Plaintiff could perform work at the medium exertional level with limitations as to crouching, stooping and climbing. (Tr. 65-69, 77-81).

The ALJ afforded "partial weight" to the opinion of Dr. Randall Updegrove. Dr. Updegrove opined that Plaintiff was not permanently or totally disabled from his current or any other employment but should limit standing on concrete floors or walking for longer than one hour without a break. The suggested restrictions were based on Plaintiff's subjective complaints. Treating physician Dr. Peter Pizzarello's opinion was given limited weight because the ALJ found that it was "inconsistent with the evidence as a whole, including the objective examination and

radiographic findings, the treatment received, the reported activities of daily living, Dr. Rosenberg's opinions and the State agency assessments." (Tr. 21).

The Commissioner argues that the ALJ "reasonably considered this evidence in evaluating the degree to which Plaintiff's symptoms affected his functional abilities." (ECF No. 16-1 at p. 12). Further, the Commissioner argues that the "frequency or extent of the treatment sought" was not comparable to the "degree of the individual's subjective complaints," and therefore that the ALJ correctly found that the "alleged intensity and persistence of the individual's symptoms are inconsistent with the overall evidence of record…." (ECF No. 16-1 at p. 14 quoting SSR 16-3p, 2017 WL 5180304, at *9). In contrast, Plaintiff argues that Dr. Pizzarello's "more extensive, longitudinal care…and subsequent greater knowledge of his symptoms and their severity therefore entitled [his] opinion greater weight.…" (ECF No. 18 at p. 2).

Upon review, the ALJ was within her province to find Dr. Pizzarello's opinion inconsistent with other record evidence and therefore afford it less probative weight. See 20 C.F.R. § 404.927(c)(2) (the opinion of a treating physician is only entitled to controlling weight where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques not inconsistent with the other substantial evidence" in the record). The inconsistent evidence was detailed in the Decision, and the ALJ appropriately exercised her discretion to assign more weight to the opinions of Dr. Rosenberg and the State agency consulting physicians. See Castro v. Barnhart, 198 F. Supp. 2d 47, 54 (D. Mass. 2002) (citing Shaw v. Sec'y of HHS, 25 F.3d 1037 (1st Cir. 1994) ("The administrative law judge may reject a treating physician's opinion as controlling if it is inconsistent with other substantial evidence in the record, even if that evidence consists of reports from non-treating doctors.")). The ALJ is ultimately responsible for reviewing all the relevant medical and other evidence, weighing competing opinions and resolving evidentiary

conflicts. The ALJ weighed the competing evidence in this record, and Plaintiff has shown no error in her ultimate decision to favor the opinions of Dr. Rosenberg, Dr. Georgy and Dr. Turner. "The ALJ's resolution of evidentiary conflicts must be upheld if supported by substantial evidence, even if contrary results might have been tenable also." Benetti v. Barnhart, 193 Fed. Appx. 6, 2006 WL 2555972 (1st Cir. 2006) (per curiam) (citing Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1 (1st Cir. 1987)). In other words, the issue presented is not whether this Court would have found Plaintiff's impairments to be disabling but whether the record contains sufficient support for the ALJ's non-disability finding. Since the ALJ's RFC assessment is based upon a reasonable interpretation of the medical evidence and testimony, it is supported by substantial evidence and entitled to deference.

### C. The ALJ did not Err in Relying on the VE's testimony

Next, Plaintiff claims that the ALJ erred by relying on the hearing testimony of the VE. Plaintiff contends that the VE misclassified his past relevant work in the Dictionary of Occupational Titles (D.O.T.) as "industrial arts teacher" (D.O.T. #091.221-010) and "secondary school teacher" (D.O.T. #091.227-010). Plaintiff notes that at the hearing, he argued his past work was consistent with "auto mechanic" – an occupation that is medium in exertion. (ECF No. 14-1 at p. 12). Plaintiff contends that the ALJ's reliance on the VE's testimony constitutes reversible error.

The ALJ was tasked at Step 4 with considering the nature, skill and exertional level of Plaintiff's past work, and whether Plaintiff has the ability to perform past jobs as "actually" and "generally" performed. The ALJ can consider testimony from the VE in order to classify past relevant work and to determine if the RFC accommodates any of that past relevant work. See C.F.R. §§ 404.1520 and 416.920.

Plaintiff testified that he both taught the theory of automotive service technology and he did demonstrations. (Tr. 39). He noted that he "could be in the classroom…discussing theory" but also in the shop, lifting tire and wheel assemblies, batteries, and portions of engines which could weigh up to 80 to 100 pounds. (Tr. 39-41). At Step 4, Plaintiff bears the burden of proof and in support of his contention that the ALJ erred by misclassifying Plaintiff's past work, he claims that the VE's testimony "regarding the nature and responsibilities" of his past work was "erroneous." (ECF No. 14-1 at p. 10). Specifically, he argues that the job of "industrial arts teacher" is light in exertion and requires lifting no more than twenty-five pounds, whereas in his past work as an automotive mechanic teacher, he was required to lift up to 100 pounds. (ECF No. 14-1 at p. 13). He argues that this "discrepancy" between the lifting requirements "should have raised doubt in the mind of the ALJ" as to the classification of his past work as "industrial arts teacher." Id. Similarly, Plaintiff argues that "secondary school teacher" is an inappropriate classification of Plaintiff's past work. He contends that he previously worked as a "substitute teacher" but the classification as a "secondary school teacher" is "far beyond the scope" of substitute teacher because it requires "more training, experience and education." Id. at p. 14. Plaintiff argues for remand so that additional VE testimony may be elicited.

At the hearing, the VE testified that the job of industrial arts teacher was light as generally performed in the national economy, but heavy as Plaintiff actually performed it. (Tr. 53-54). The VE also testified that the job of secondary school teacher was light as actually and generally performed. Id. The ALJ ultimately concluded that Plaintiff was capable of performing work at the medium exertional level and was therefore unable to perform his past relevant work as an industrial arts teacher as he actually performed it, but capable of performing it as it is generally performed in the national economy. (Tr. 23-24). Further, the ALJ found Plaintiff capable of

performing his past relevant work as a secondary school teacher as generally and actually performed.

Plaintiff's argument that his past relevant work should have been classified as "auto mechanic" is unavailing. In his Reply, Plaintiff acknowledges that "his past work did not concern itself primarily with automobile repair." (ECF No. 18 at p. 5). At the hearing, the VE testified and was subject to cross examination, and the ALJ noted that his testimony was "consistent" with the information contained in the D.O.T. (Tr. 23). A VE is uniquely qualified to determine how jobs are classified in the D.O.T. Here, the VE acknowledged that the Plaintiff's past relevant work as an "industrial arts teacher" was heavy as he actually performed it, and thus Plaintiff could not perform his past work as he actually performed it. But this is not an indicator that the classification was incorrect since the record supports a finding that Plaintiff could perform it as generally performed. The ALJ properly relied upon the VE's testimony, which constitutes substantial evidence in support of her decision. Plaintiff's argument about misclassification of his past work as a substitute teacher also falls short because the ALJ was entitled to rely on the VE's testimony, and Plaintiff has not advanced any argument or evidence to convince the Court that there was any Step 4 error.

**CONCLUSION**

For the reasons discussed herein, I recommend that Plaintiff's Motion to Remand (ECF No. 14) be DENIED and that the Commissioner's Motion to Affirm (ECF No. 16) be GRANTED. I further recommend that Final Judgment enter in favor of Defendant.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by

the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, In. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 24, 2019